# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

———————

ELIZABETH JOSELYN d/b/a
ANTICIPATIONS,

        Plaintiff,

v.                                                No. CIV 99-385 BB/WWD

NORTHERN FULFILLMENT SERVICES
CO., a subsidiary of RIVERTOWN
TRADING CO., a Minnesota corporation, and
RIVERTOWN TRADING CO., a Minnesota
corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's motion for partial summary judgment (Doc. 23).[1] The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for partial summary judgment should be denied.

**Applicable Standards:** "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the

---

[1] The term preferred by legal scholars is "partial summary adjudication," rather than partial summary judgment. *See, e.g.,* 10B Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2737, p. 324 (1998). Whatever the terminology may be, Plaintiff seeks summary judgment on only a portion of the issues presented in this case.

issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Plaintiff's motion for summary judgment in light of these standards.

**Discussion:** This is a commercial dispute between Plaintiff, a clothing manufacturer, and Defendant (the Court refers to Defendants in the singular, for ease of reference), a catalogue sales company that was purchasing clothing from Plaintiff and reselling the clothing to the general public. The sales were made on an open account basis, and Plaintiff claims she has not been paid almost $70,000 owed on the account. Defendant, on the other hand, has filed a counterclaim for breach of contract, maintaining Plaintiff provided unacceptable goods and damaged Defendant by doing so.

Plaintiff's motion discusses three major points. First, Plaintiff addresses an entire line of clothing, the Blue Spruce sets, which Defendant returned to Plaintiff. Plaintiff points out that 346 out of the 696 sets had been kept by Defendant for over a year prior to their return, and that only a small portion of the sets had actually been inspected. Plaintiff relies on a provision in the sales contract entered into by the parties, allowing Defendant one year in which to return any defective merchandise or merchandise failing to meet "quality specifications." As to the 346 sets retained for more than a year, Plaintiff requests summary judgment as a matter of law, due to Defendant's failure to comply with the time limitation contained in the sales contract. Furthermore, based on the assertion that most of the remaining sets were not actually inspected by Defendant, Plaintiff requests

2

a summary ruling to the effect that Defendant is not entitled to a credit for the return of these sets, because without inspecting the sets Defendant could not determine they were defective.

In response to Plaintiff's arguments, Defendant points out that approximately 350 of the sets were returned within the one-year period set out in the sales agreement. As to these sets, Defendant argues it had an absolute right to return them at its discretion, and it is entitled to credit for their return. In addition, as to the sets that were not returned within a year, Defendant maintains it may still recover breach-of-contract damages such as lost profits or other consequential damages, even if it is precluded under the sales agreement from receiving a straight refund of the purchase price.

The primary legal issue with respect to the Blue Spruce sets is whether the contractual remedy of returning the sets within one year, for a full refund, is the exclusive remedy contemplated by the parties, or whether Defendant may also take advantage of other remedies offered under the uniform commercial code ("U.C.C."). Plaintiff contends the sales agreement signed by the parties is clear, and limits Defendant's remedies to returning merchandise, only if it is defective, within one year of the date it was received. However, under the U.C.C., a remedy provision in a sales agreement is optional, meaning it does not preclude the parties from resorting to other remedies provided by the U.C.C., unless the remedy is "expressly agreed" to be exclusive. N.M.S.A. § 55-2-719(1)(b); *High Plains Natural Gas Co. v. Warren Petroleum Co.*, 875 F.2d 284, 287 (10th Cir. 1989). In the sales agreement at issue here, there is no explicit exclusivity language, as there was in *High Plains* ("there shall be no other penalty to [seller]"). In addition, in deciding whether the contractual remedy is exclusive, the Court must take into account the usage of trade in this particular type of business. *See Transamerica Oil Corp. v. Lynes, Inc.*, 723 F.2d 758, 766 (10th Cir. 1983). No evidence has yet been presented to the Court concerning the usual practice in the industry as to remedies for breach

of a wholesale clothing sales contract. The Court will therefore find that there is a genuine issue of fact as to whether the return-within-one-year provision of the sales agreement was intended to be the exclusive remedy, or merely an optional additional remedy, for a breach of contract. The Court will therefore deny the motion for summary judgment to the extent it is based on Defendant's failure to return a portion of the Blue Spruce line within one year.

Nor is Plaintiff's failure-to-inspect argument an appropriate issue for summary adjudication. Plaintiff maintains the merchandise could only be returned if it was physically defective, and there was no showing that most of the Blue Spruce line was defective. Defendant, as noted above, counters that it had an absolute right to return the clothing, essentially for any reason Defendant deemed appropriate. Neither of these positions is correct. The sales contract does not limit returns to merchandise which is defective; Defendant was also entitled to return merchandise not meeting certain "quality specifications" not detailed in the contract. Little evidence was presented to the Court concerning these quality specifications, except for an assertion by Defendant that the merchandise provided must exactly match the picture of the merchandise provided for the mail-order catalogue. It is clear, however, that Defendant's right to return clothing was not limited solely to merchandise containing physical defects. On the other hand, the sales agreement also did not grant Defendant absolute, unlimited discretion to decide whether to return merchandise. Such an interpretation would be unreasonable, given the contract's language concerning quality specifications and defects. In other words, Defendant could not arbitrarily decide to return merchandise that met the contemplated quality specifications and was free of physical defects. A genuine issue of fact has been raised concerning the extent of Defendant's right to return merchandise, within the contract and under the U.C.C. *See In re: Lone Star Industries, Inc. Concrete RR Cross Ties Litigation*, 776

F.Supp. 206, 224 (D.Maryland 1991) (questions of whether revocation was proper under U.C.C., and whether goods conformed to contract, were questions of fact not amenable to summary judgment).

In addition, a genuine issue of fact has been raised as to trade usage in the clothing business, regarding the return of an entire line of merchandise where a relatively high percentage of the line is not acceptable. Defendant presented an affidavit from an individual experienced in the clothing industry, who stated the merchandise must be available in all sizes and colors, to avoid incurring customer dissatisfaction. The affidavit also indicates it is the custom in the clothing mail order business to return an entire order if defects are found in a significant number of items in the order. Defendant presented evidence that one of its employees, who inspected the Blue Spruce line of merchandise, was "shocked" by the problems with the line, including sizing problems, misplaced enhancements (decorations), and differences in color from the picture contained in the catalog. Therefore, a genuine issue of fact has been raised as to whether a sufficient portion of the Blue Spruce line failed to meet the contract specifications, so as to excuse Defendant from conducting an inspection of each set of clothing in the line.

Also as to the Blue Spruce line, Defendant points out that some of the merchandise was purchased under a prior version of the sales agreement, which contained no one-year limitation on the right of return. As to any merchandise falling into this category, there is a genuine issue of fact regarding whether Defendant revoked its acceptance of the merchandise within a reasonable time. *See Leila Hosp. and Health Center v. Xonics Medical System, Inc.*, 948 F.2d 271, 276-77 (6th Cir. 1991) (question of whether revocation occurred within reasonable time was properly submitted to

jury). For all of the foregoing reasons, the Court will deny Plaintiff's motion for summary judgment as to the Blue Spruce line of merchandise.

Plaintiffs also address a quantity of merchandise Defendant claims is unacceptable, but which has never been returned to Plaintiff. According to Plaintiff, Defendant's failure to return the clothing deprives Defendant of the only remedy available to it under the sales agreement, the right to return merchandise within one year for a full refund or credit. This argument, however, is premised on Plaintiff's position that the remedy provided by the sales agreement is exclusive, rather than a remedy supplementing the usual U.C.C. remedies for breach of contract. As discussed above, there is an issue of fact in this case as to whether the parties intended the contract remedy provision to be exclusive. Under the U.C.C., a party may be entitled to remedies such as lost profits or other consequential damages, even if the merchandise is not rejected and no valid revocation of acceptance is accomplished. *See* N.M.S.A. § § 55-2-714 and -715. Therefore, the request for summary judgment will be denied as to the merchandise retained by Defendant rather than returned.

Plaintiff's final request for partial summary judgment is directed at Defendant's alleged spoliation of evidence. According to Plaintiff, after this lawsuit was filed Defendant's employees inspected the merchandise Defendant had retained. In doing so, they removed and destroyed the outer bag covering each garment. On each bag was a tag indicating the date of shipment of the article of clothing. Plaintiff complains that she now has no way of showing when the merchandise was shipped, and cannot prove it was retained longer than one year. Plaintiff requests the Court to conclusively presume all of the merchandise was in Defendant's possession for over a year. The Court is somewhat puzzled by this argument. As the Court understands it, the spoliation claim is directed only at clothing Defendant failed to return to Plaintiff. The Court also understands that no

clothing was shipped by Plaintiff to Defendant after November 1998. Therefore, all of the clothing has been in Defendant's possession for over one year, and there would seem to be no need for an evidentiary presumption to that effect. As Defendant argues, with respect to the clothing subject to the one-year return requirement, Defendant does not seek to revoke its acceptance. Instead, Defendant is attempting to prove other breach-of-contract damages it claims are allowed under the U.C.C. (provided the contractual return provision is not the exclusive remedy in this case). Thus, there is no need for the requested presumption. Furthermore, regarding any clothing that might have been shipped under the prior version of the sales agreement, containing no one-year limitation, there is also no need for the presumption.

To the extent the length of time the clothing has been held by Defendant might be relevant to issues in the case, the Court will find there is an issue of fact as to the spoliation argument. Defendant's employees testified they had no idea the packaging material might be relevant to any claim in the lawsuit. Plaintiff has pointed to no information provided to the employees that should have alerted them to the necessity of preserving the plastic covers on the garments. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267-68 (8th Cir. 1993) (sanctions may be appropriate when a party destroys evidence and the party knows or should know the evidence may be relevant to a pending or imminent lawsuit). In addition, it is far from clear that the packaging was the only means of proving how long Defendant had retained the various items of clothing. Presumably both parties have records showing dates merchandise was shipped, and Defendant presumably has records showing when merchandise was purchased by its customers. Given the possibility that other evidence is available to provide the information contained on the destroyed evidence, as well as the lack of a showing that

Defendant's employees knew or should have known the packaging was relevant to the lawsuit, the Court declines to impose the conclusive presumption requested by Plaintiff.

**Conclusion**

Based on the foregoing, the Court will deny Plaintiff's motion for partial summary judgment.

**ORDER**

In accordance with the foregoing Memorandum Opinion, Plaintiff's motion for partial summary judgment (Doc. 23) is hereby **DENIED**.

Dated this 17th day of May, 2000.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiffs**
Thomas J. Hynes
Hynes, Hale & Gurley
1000 W. Apache
Farmington, New Mexico 87401

**For Defendants**
John S. Stiff
Cameron Peters
Sutin, Thayer & Browne
P.O. Box 1945
Albuquerque, New Mexico 87103